IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHNATHAN WEST,

                Plaintiff,

v.                                        CIVIL ACTION NO.  2:09-cv-00985

AMERICAN ELECTRIC POWER COMPANY, INC.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a Motion to Dismiss Counts One and Two of the Third Party Complaint [Docket 46], filed by third-party defendant Art & Lola Inc., d/b/a A&L Construction Co. ("A&L").  The third-party plaintiff, Appalachian Power Co., d/b/a AEP Appalachian Power ("Appalachian Power"), has responded and, in the alternative, filed a Motion for Leave to Amend Third Party Complaint [Docket 48].  For the reasons provided below, the motions are **GRANTED**.

**I.**      **Background**

According to the Complaint, the plaintiff, Jonathan West, was injured while working with a ladder in Dunbar, West Virginia on August 1, 2009.  The plaintiff was performing work on behalf of his employer on the gutters of a building when the ladder he was using came into contact with an overhead power line.  The plaintiff was electrocuted and suffered injury as a result.  He filed suit in the Circuit Court of Kanawha County, West Virginia, alleging that Appalachian Power Co., d/b/a AEP Appalachian Power ("Appalachian Power"), had been negligent in maintaining the power lines. Appalachian Power removed the action to this court on September 2, 2009.

Following discovery, on March 5, 2010, Appalachian Power moved for leave pursuant to Rule 14 of the Federal Rules of Civil Procedure to file a third-party complaint against the plaintiff's employer, A&L. On March 31, 2010, the court granted the motion and Appalachian Power's Third-Party Complaint [Docket 19] was docketed. The Third-Party Complaint asserts three claims. In Count One, Appalachian Power alleges that the plaintiff's injures were "the direct and proximate result of the negligence of A&L." (Third-Party Compl. ¶ 7.) In Count Two, Appalachian Power alleges that is entitled to contribution from A&L as a result of its "negligent, careless, willful, wanton and/or unlawful conduct." (*Id.* ¶ 12.) Finally, Appalachian Power asserts a spoliation of the evidence claim in Count Three that is predicated on A&L's destruction of the ladder which led to the plaintiff's injury. The court then allowed the parties to conduct discovery regarding the third-party claims.

On August 19, 2010, A&L moved to dismiss Counts One and Two of the Third-Party Complaint for failure to state a claim upon which relief can be granted [Docket 46]. More specifically, A&L asserts that, as a participant in West Virginia's Workers' Compensation Fund, it enjoys immunity from common-law claims of negligence arising out of an employee's injury. *See* W. Va. Code § 23-2-6. On September 7, 2010, Appalachian Power filed an untimely Response in Opposition to Motion to Dismiss, Or, In the Alternative, Motion for Leave to Amend Third Party Complaint [Docket 48].[1] Appalachian Power maintains that it has asserted a "deliberate intention" claim against A&L in its Third-Party Complaint and that such a claim falls outside of the immunity conferred by the Workers' Compensation Act. *See* W. Va. Code § 23-4-2(d)(2). In the alternative,

---

[1] Appalachian Power's response to the Motion to Dismiss was untimely, as it should have been filed on September 2, 2010. *See* L.R. Civ. P. 7.1(a)(7). Nevertheless, the court will exercise its discretion to consider the arguments set forth in the untimely response.

Appalachian Power seeks leave to file an amended third-party complaint specifically setting forth a deliberate intention claim. On September 14, 2010, A&L filed a timely reply memorandum in which it contends that Appalachian Power has not sufficiently alleged a deliberate intention claim and that it should not be given leave to amend the Third-Party Complaint in order to do so. The matter is now ripe for review.

## II.     Standard of Review

### A.     *Motion to Dismiss Standard*

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As the Supreme Court recently reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. Moreover, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotation marks omitted). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's

liability to raise the claim from merely possible to probable. *Id.* In other words, a complaint must contain enough facts to "nudge[] [a] claim cross the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

    B.    *Leave to Amend Standard*

Rule 15(a) of the Federal Rules of Civil Procedure provides that, after time for amendment as a matter of course has passed, leave of the court must be obtained to amend a pleading. The Rule provides that a court should "freely give leave [to amend a pleading] when justice so requires." "The Supreme Court has declared that this mandate is to be heeded." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks omitted). "The law is well settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile . . . . Delay alone is an insufficient reason to deny leave to amend. Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Id.* (internal quotation marks omitted).

## III.    Discussion

    A.    *Motion to Dismiss Counts One and Two*

The West Virginia Workers' Compensation Act provides that employers, such as A&L, who subscribe to the Workers' Compensation system and pay the required premiums are "not liable to respond in damages at common law or by statute for the injury or death of any employee." W. Va. Code § 23-2-6. The only exception is where the plaintiff establishes that the employer acted with "deliberate intention," as that term is defined by the statute. *See id.* § 23-4-2(d)(2); *Mandolidis v. Elkins Indus., Inc.*, 246 S.E.2d 907 (W. Va. 1978).

The statute provides that "deliberate intention" can be satisfied in only two circumstances. First, the plaintiff can prove that the employer "acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee." *Id.* § 23-4-2(d)(2)(i). Allegations of "negligence," or of "willful, wanton or reckless misconduct," are insufficient to satisfy this showing. *Id.* Second, the plaintiff can prove deliberate intention by satisfying all of the following elements:

1. That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

2. That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

3. That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

4. That notwithstanding the existence of the facts set forth [above], the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

5. That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

*Id.* § 23-4-2(d)(2)(ii).

The Supreme Court of Appeals of West Virginia has held that, pursuant to these statutory provisions, joint tortfeasor employers are immune from third-party contribution suits where they would be immune to a suit filed by the employee, but that employers do not enjoy immunity where the employee could press the claim against the employer. *Sydenstricker v. Unipunch Prods., Inc.*, 288 S.E.2d 511, 517 (W. Va. 1982). Moreover, employers are subject to third-party deliberate intention claims even where the employee has not asserted such a claim against the employer. *See id.*

In response to A&L's Motion to Dismiss, Appalachian Power relegates its pure negligence claim contained in Count One of the Third-Party Complaint to a footnote, apparently recognizing that the Workers' Compensation Act specifically immunizes employers from such claims. Instead, Appalachian Power primarily maintains that it has alleged a deliberate intention claim in Count Two. It does not, however, suggest that A&L acted with a conscious intent to produce the plaintiff's injury, as would be required to prove deliberate intention under § 23-4-2(d)(2)(i). Thus, the question is whether Appalachian Power has sufficiently pleaded the five elements required to establish deliberate intention under § 23-4-2(d)(2)(ii).

It is readily apparent that Appalachian Power has failed to adequately allege, as required by the second element, that prior to the injury A&L had "actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition." *Id.* § 23-4-2(d)(2)(ii)(B). The Supreme Court of Appeals of West Virginia has cautioned that the second element carries with it a high burden that cannot be satisfied by mere "speculation or conjecture." *Mumaw v. U.S. Silica Co.*, 511 S.E.2d 117, 123 (W. Va. 1998). Moreover, the second element is not satisfied by a

showing that the employer *should* have known of the specific unsafe working condition. *See id.* Rather, the employer must have "actually possessed such knowledge." *Id.* In addition, the employer must "also realize[] the high degree of risk and the strong probability of serious injury or death presented by [the] specific unsafe working condition." *Ryan v. Clonch Indus., Inc.*, 639 S.E.2d 756, 765 (W. Va. 2006) (internal quotation marks omitted).

In Count II, Appalachian Power has simply offered the barebones allegation that the plaintiff's injuries "were a result of the negligent, careless, wilfull, wanton and/or unlawful conduct of A&L." (Third-Party Compl. ¶ 12.) In short, Appalachian Power has not attempted, even in conclusory fashion, to plead the elements of a deliberate intention claim under § 23-4-2(d)(2)(ii). And it has not come close to pleading the specific factual allegations that would be necessary to render such a claim plausible in light of *Twombly* and *Iqbal*. Thus, the court concludes that Appalachian Power has failed to sufficiently allege a deliberate intention claim in Count One or Count Two of its Third-Party Complaint. Accordingly, I will dismiss Counts One and Two for failure to state a claim upon which relief can be granted.

    B.    *Leave to Amend*

In the alternative, Appalachian Power has sought leave to amend its Third-Party Complaint in order to add a deliberate intention claim. Although A&L has opposed Appalachian Power's request for leave to amend, it has not done so in terms of Rule 15(a). In other words, A&L has not articulated any permissible reason for denying Appalachian Power leave to amend. Thus, there is nothing before the court to suggest that A&L will be prejudiced by amendment, that Appalachian

Power has acted in bad faith, or that any amendment would be futile.[2] Accordingly, Appalachian Power's alternative Motion for Leave to Amend Third Party Complaint is **GRANTED**.

**IV.     Conclusion**

For the foregoing reasons, A&L's Motion to Dismiss Counts One and Two of the Third Party Complaint [Docket 46] is **GRANTED**. In addition, Appalachian Power's Motion for Leave to Amend Third Party Complaint [Docket 48] is **GRANTED.** Appalachian Power is **ORDERED** to file any such Amended Third-Party Complaint within ten (10) days.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                                      ENTER:     October 4, 2010

                                            Joseph R. Goodwin, Chief Judge

---

[2] The parties have submitted certain discovery materials to the court in order to support their respective positions. Discovery has not yet closed, however, and, in ruling on A&L's Rule 12(b)(6) motion, the court has limited its analysis strictly to the pleadings.